**H. C. PARKER, Inc., v. HERRIN TRANSP. CO., Inc.** *

**No. 16924.**

Court of Appeal of Louisiana. Orleans.

Oct. 17, 1938.

*Rehearing denied Nov. 14, 1938.

R. Emmet Mahoney, of New Orleans, for appellant.

Sydney J. Parlongue, of New Orleans, for appellee.

McCALEB, Judge.

This is a suit for the recovery of damages sustained by plaintiff resulting from defendant's breach of contract.

The plaintiff corporation, domiciled in New Orleans, is engaged in the business of selling office supplies and furniture, including institutional equipment for public buildings.

The defendant is a common carrier operating motor freight lines within this State.

On April 30, 1937, the plaintiff engaged the defendant to transport certain furniture, consisting of a bench, a desk and 3 chairs, from New Orleans to St. Martinville, Louisiana. At the time the carrier agreed to ship these articles, it was informed by plaintiff that it was of vital importance that they be delivered to the Police Jury of the Parish of St. Martin at the Courthouse in St. Martinville not later than the following day, Saturday, May 1, 1937. Accordingly, on the afternoon of the same day the instructions were given, the defendant called at the plaintiff's store and received the furniture for shipment. On the following day, one of these articles, i. e. the bench, was delivered by the carrier to the consignee at the Courthouse in St. Martinville but the balance of the furniture never arrived at its destination.

The plaintiff, alleging that it has suffered damage as a direct result of the failure of the carrier to deliver the entire shipment to St. Martinville within the time specified in accordance with its instructions, brought this suit for recovery of the loss it sustained.

Defendant disclaimed liability by denying generally all the averments contained in plaintiff's petition.

The district judge, after hearing evidence on the issue thus joined, found for the plaintiff and fixed its damage at the sum of $868.89. Defendant has appealed from the adverse decision.

Notwithstanding defendant's denial of the making of the contract and its breach, the proof in the record is overwhelming to the effect that the plaintiff employed the carrier to ship the articles of furniture and that the latter, after accepting the goods for transportation, failed to deliver them. Furthermore, defendant does not pretend to offer any excuse as to why the contract of carriage was not fulfilled. In truth, its sole defense in this court is confined to the question as to whether the damages sued for by plaintiff were within the contemplation of the parties at the time the contract was made. It is said by the defendant that, before a shipper is entitled to recover special damages from a carrier for breach of contract, he must communicate to the latter the particular circumstances, concerning the necessity for prompt delivery, so that the carrier will be informed of the resulting consequences in case delivery of the shipment is delayed or not made.

The plaintiff concedes that the defendant is correct in its statement of the law with respect to special damages and it contends that, at the time this contract was made, the latter was informed of all of the particular matters which now give rise to the damage sought to be recovered.

In our examination of the record, we find reliable testimony to the effect that, at the time the contract of carriage was made, plaintiff informed the defendant that the furniture would have to be delivered to the Police Jury of St. Martin Parish at St. Martinville not later than May 1, 1937, because the plaintiff was submitting a bid to supply the new Courthouse in St. Martinville with office furnishings and equipment; that the bids were to be received on Monday, May 3, 1937, and that, unless these articles of furniture (which were samples to be exhibited to the Police Jury) were delivered by May 1, 1937, plaintiff would forfeit its right to have the bid, it intended to submit, considered. Such is the declaration of Mrs. W. L. Rush, the bookkeeper of the plaintiff company.

The only testimony offered by the defendant is that of one G. I. Litolff, who is employed by the defendant in the capacity of rate clerk. He states that on April 30, 1937, he was advised by telephone by someone representing herself as an employee of the plaintiff, who informed him that

plaintiff was desirous of shipping certain articles of furniture over defendant's lines to St. Martinville. He further asserts that no details regarding the shipment were furnished him except that he was told that it was necessary that the furniture be delivered in St. Martinville on the following day.

The district judge accepted the positive testimony of Mrs. Rush on this point in preference to the negative statement of defendant's employee. We not only fail to discern error in the court's ruling on this question of fact but believe that its conclusion was eminently correct.

Since we hold that the plaintiff is entitled to recover special damages by reason of defendant's breach of contract, we finally consider the amount thereof. The damage consists of the profits plaintiff would have made on the contract (which should have been awarded to it by the Police Jury of St. Martin) if its bid had been received and considered by that body.

It is not disputed that the Police Jury of St. Martin Parish had given written notice that it would receive bids, for the purpose of purchasing furniture and office equipment to be installed in the new Courthouse of St. Martin Parish, to be submitted in accordance with certain specifications approved and adopted by that body on April 5, 1937. The record also discloses that the plaintiff company prepared a bid in accordance with these specifications; that the bid was the lowest one submitted and that the only reason why it was not considered was because the samples of its furniture, which were to be displayed to the Police Jury at or before the time bids were received (as required by the specifications), did not arrive in St. Martinville on the date the defendant had agreed to make delivery. Plaintiff has also proved, by convincing evidence, that the furniture and equipment it intended to install in the Courthouse (if given the contract) was of a satisfactory standard type and that it complied with the specifications of the Police Jury. (This fact is substantiated by the testimony of Mr. Mortimer Favrot, the architect of the St. Martinville Courthouse, who prepared the specifications of the furnishings and equipment to be purchased for the building.) In addition to this, plaintiff's evidence justifies the conclusion that, if the bid it submitted had been considered and accepted, it would have made a profit amounting to 11% of the contract price.

Counsel for defendant nevertheless argues that the damages which plaintiff seeks to recover are conjectural and that there is no assurance that plaintiff would have been awarded the contract, even though it was the lowest bidder, since the Police Jury, in its proposal, reserved to itself the right to reject any and all bids submitted. To maintain this contention would be to recognize the wrong and refuse a remedy. And in denying relief, we would be compelled to assume that the Police Jury would have arbitrarily and capriciously refused to award the contract to the lowest bidder. Such a result would be manifestly unjust and indefensible.

Counsel also insists that the profit plaintiff expected to make in performing the contract is too speculative and remote to be a fit subject for consideration in the assessment of damages. He points out that a rise in price, an increase of overhead or other expenses could have easily reduced plaintiff's anticipated profit on the contract. If counsel is correct in this contention, then there could be no case in which apprehended gains could be the subject of a recovery in damages for breach of contract. Such a holding would be in discord with Art. 1934 of the Civil Code, which specifically permits a creditor to recover the profit of which he has been deprived because of the debtor's breach of contract, where those profits were contemplated or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract, provided that they are proved with moderate certainty.

Plaintiff has prayed for an additional allowance for damages from the defendant for frivolous appeal. The claim is rejected.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., absent, takes no part.